The morning docket is 518-0068, consolidated with 518-0136, People of City of Granite City v. Patel. I'm going to leave it at that, okay? Is the appellant ready, Mr. Armstrong? Yes. Okay, you may proceed. May it please the Court. Justice Chapman, Justice Cage, Justice Welch, good morning. Good morning. My name is Tam Armstrong. I represent VTEL by Patel, who owns a business in Granite City. In a larger sense, and I think you would not disagree with this, my real client here today is the rule of law. But we have no dispute on the facts. You'll have to speak up a little bit. I'm sorry. There are acoustics in here. Okay. That doesn't amplify. All right. That's a problem. Each of the 69 complaints before you today refer to the requirements of this code. Fifty-eight of those are in reference to a property maintenance code. Eleven of those are in reference to an electric code. Mr. Steve Willowrit, who is the building zoning administrator for the city of Granite City and the city's only witness, said the purpose of the codes is to make sure the establishments, the businesses in Granite City, are within compliance of the regulations set down by the city. Yet, Mr. Willowrit could not give me one provision of either code that was alleged to have been violated when asked. And we've not seen that to date. Yet, and the judge did not know. Are you arguing, using this argument, are you arguing insufficiency of the evidence now? Yes, that is my primary position. Right. So, because in the briefs there was also reference to insufficiency of the complaint. That's true. That's a secondary position. My primary position, Ms. Justice, is that no evidence was brought forth either in the complaint or as testimony. Weren't there facts alleged in the complaint? There were facts. With respect to each individual violation? But there's no definition of what a violation would be. There's no code provision ever presented that would tell us whether or not the facts were in violation of either the BOCA code or the National Electric Code. No provision was ever cited either in testimony or in the pleadings. Did the court take judicial notice of the adoption of the code? Well, I wouldn't stipulate the codes were adopted. I don't think he ever... You don't think that... And I just copied some of the random tickets. But, I mean, the tickets that I just randomly copied said there was a GFCI receptacle that was not operational. Sure. Electrical panels had open spaces. Bathroom vanity faucets were loose and there were cracks in the ceiling. You don't think that those factual allegations in relationship to a BOCA code that's been adopted and is well known prove the sufficiency of the evidence? We don't know what we're charged with. Why? There's no... They did not cite nor testify to any code provision that made it... that set a standard for the GCFI outlets or any other thing that is listed in the complaints. I asked Mr. Willard to tell me where in the codes do you say we have violated anything. He could not do that. I haven't had that to date. I don't know how judgment can be entered against my client when we have not even been presented with the standard we're supposed to have followed, that is, the BOCA code provisions or the record code provisions never have been presented in testimony or in pleadings. But those weren't raised during your post-trial motion? Yes. They were? Oh, yes. In all my motions I filed, this issue was raised as the first and foremost issue of which I... So you're saying that the sufficiency of the evidence was raised? I'm saying that there's no evidence, I guess, in that context that you could say sufficiency, but to this date no one can tell me, neither the city nor the zoning administrator, nor the judge, what we violated. They can't tell me. In other words, you're saying that if you look at the complaint, I can't look at the complaint now and walk to the room and go to the receptacle, it doesn't work, because you don't know why the ground is not there to the, you know, it's got the... I'm not... Well, yeah, to make... I want to make sure the court understands this. I'm not suggesting that we have not violated a provision of the BOCA code or the National Electric Code. I'm saying I don't know because I've not been presented with any provision of the codes we are suggested to have violated. I don't know how I can defend that. What you want is you want, in this complaint, the city to say that the GFCI receptacle was not operational in violation of the National Electrical Code. Section so forth. Section so forth. So I can go to it immediately and determine whether or not my client was in violation. Do you think that charging an ordinance is held to the same standard of pleading as a complaint for money damages under the Civil Procedure Act? Yes. Why didn't you file a motion under 6.2-615? That was never done. Well, the city said that if I was confused about the pleadings, I could do that. I've never been confused about the pleadings. I read the pleadings and I could see that they weren't going to be able to prove their case. I wasn't about to file a motion after theoretical motion after theoretical motion to help the government frame its pleadings such that they would have the best chance of finding my client guilty. I went to court based on what was in front of me. But you just said that you weren't confused about the pleadings. So you were clear as to what they were intending to prove. No, I've never been clear because they've never been presented on what we allege to have violated. But I wasn't about to attempt to teach the city how to tell me that. I went to court based on what was in front of me. And what happened was what I thought would happen. When I asked the zoning and building administrator what have we breached, he could not tell me any provision of either code. In other words, he couldn't tell you the section number. Well, that's correct. And I don't know to this date whether anything that has been alleged is a violation of either code or any provision of either code. I don't know that. Well, they've alleged that it was either the electrical code or the BOCA code. So you know at least that it's those codes because they've adopted two codes, right? Well, that's like charging a client with speeding without telling me what the speed limit is and saying it's somewhere in the rules of the road. I don't think that's sufficient. I don't think that's due process for sure. Do you have any cases to back up this argument? No, because the statute is relatively new on making ordinance violations part of the civil procedure code. Only about six years, I think. There's no cases interpreting Supreme Court Rule 572, which is also in our case. It requires the nature of the offense and a reference to the relevant ordinance to be pled. I want to make sure that my primary position here is not just about pleadings. It's about evidence. But it wasn't. Did you file an answer to the complaint? Didn't I see that you filed like the day of trial? Did you file your answers?  You filed your answer like the day of trial. No, I had filed answers right away, but I wanted to make sure everything, all the bases were covered. So I filed them again. That was the reason for that. And you would agree that once you file your answer, you waive any defects in the pleadings? No, because the case... You don't agree with that? No. The case law I cited says you might waive insufficiency, but if there is an absolute failure to allege a cause of action, that is not waived. And I've cited the case law in my brief on that. So you're admitting that you might have waived sufficiency? No, I'm not, because none of the pleadings state a cause of action. Don't come close to it in my estimation. But again, I want to be careful. The main reason I'm here has nothing to do with the pleadings. It has everything to do with the evidence. Well, it does sound kind of like a gotcha, because... Well, I guess it does. Yes, it does. Well, I... As a civil attorney, one of the things we do right off the bat is sit down and research what we need to prove. I would think that would be a requirement of government. And if I were drafting complaints of this nature and I were alleging violations of codes, I would allege what provision was violated, I think, as part of what I have to show, what I have to prove. Not only that, not only a specific provision of the codes, but there may be, I've never looked, haven't had a reason to. I can't believe I'm here today. But there may be provisions in the Boca Code or the National Electric Code that require evidence to be shown by a willful failure. I know that's the case with smoke alarms. There may be provisions of those codes that draw exceptions. For example, there are several charges of not having an exhaust fan working. Well, there may be exceptions if you have a window in a bathroom. There are all kinds of things that I don't know. Well, you say, you basically are saying you don't understand the code. I've never been... But you denied that you were in violation of the code. Isn't that somewhat inconsistent? No. No. Actually, I denied what was charged. They didn't charge any provision to have been violated. Not one. And I don't know how judgment can... By the way, we made the repairs immediately. And that was way back in 2014 and 2015. And so the whole purpose of this proceeding is to punish. And I can't imagine fines of this magnitude or any magnitude being affirmed without... Of this magnitude. It amounted to, what, was it $100? $100 apiece. $100 apiece. $6900. The city asked for over $50,000. The trial court awarded it. But that's not what was awarded. What's that? It was awarded, the court awarded $100. That's correct. Is this the motel that's on Adrian House by any chance? Yes. It is. But... Property shall not be taken without due process of law. Federal and state constitutions. And this is not... This is just not due process. So you're essentially saying you had no notice of what was being alleged. No notice of the... That goes back to the pleading. That goes back to the pleading. And you want us to find the insufficiency of the evidence. You made that very clear. In the sense that there's no evidence. Well, there is evidence. It's just a client had leaky pipes and bad outlets. But not... He admitted it. Well, he did admit a violation of an ordinance provision. I'm sorry? He did not admit... He admitted the condition of the property. He admitted a condition and he repaired it. And I'm not so sure that a court can't take jurisdiction of the public code. I know it's been done in several cases. I know it's been done because it's a national code. But still... But still... Your Honor... Surely there must be a due process requirement to let me know at some point what provision of the code the city claims was violated. They didn't do it in the pleadings. They didn't do it with testimony at all. I still don't know. I still don't know. I've never had a reason to look. Because it wasn't pled and it wasn't testified to. I didn't think it would be. It's not that hard to do, you know. Look them up. I was going to say, you took a big chance at trial. Well, I did. They could have come in and said, hey. They could have come in with them. I was confident it would not be presented. And it wasn't. But it's not because you didn't think there were violations. See, that's the odd thing about this. It's just a little bit disingenuous, the whole argument. No, it's not. I'm sorry, but I can't tell you we didn't violate a provision of either code. But I can't tell you we did either. I can't tell you either way. I've never seen what we're charged with. Never. And like I said, there may be provisions in that code. You draw exceptions to the various charges that were filed. I'm not so sure you didn't waive a lot of these arguments when you answered the complaint. How can you get evidence? I'm talking about the sufficiency of the charges. You're really splitting straws here when you talk about waiver. Because by answering the complaint, you clearly have waived certain defenses, affirmative defenses. The statute in which you refer requires that I mention those during the trial. And I did. You mentioned it. Well, let me find it. Sorry, I lost you there. The statute to which I refer requires that I mention, that you mention what? The affirmative defense? The fact that I haven't waived anything. Oh. I didn't. Yeah. These arguments were all made before the judgment was entered. Right. That's what I'm trying to say. Right. That's why I'm your motion. Yeah. But I'm not so sure the motion for a directed verdict is the same as a motion pled under 2-615 as to the pleadings after an answer has been filed. That's an interesting question. It is. And you're a pretty experienced attorney, so you know the options. I do know the options, and I didn't want to teach the city how to do it. I understand. I just didn't. You didn't want to teach the city, but there's a real issue as to whether you had any confusion in your mind in reality about what was being charged. Oh, no. I've never been confused. The charges don't refer to any code provision. I believed going in they would not present evidence of violation of any code provision, and they didn't. Perhaps I took a risk. I didn't think it was major. And actually, when we're talking about a complaint, it's actually just kind of a fill-in-the-blanks type thing that I saw. Okay. In that regard, all the 11 electrical code violations don't even cite the National Electric Code ordinance. However, the only way they were there is that it has been incorporated, correct? Right. It does say the electrical code on it. It says the electrical code, and at the bottom of each of those complaints, it cites the penalty provision. It does not cite the ordinance that adopts the code. I'm not sure it has to. Well? I mean, under the ‑‑ if you live in the city of Granite City, and you have property, and the city has adopted certain ordinances, you're presumed to know the law. You're presumed to know the ordinances. But when I'm being charged with violations. But you're presumed to know those ordinances, aren't you? Well, that is amazing, I think, for a quasi-criminal charge to be made without charging what you're supposed to be guilty of. Well, the sufficiency of the charge, I think, is a different issue than whether you are presumed to know that there's a penalty provision for leaky pipes, whatever. I mean, there is an ordinance out there. I mean, it's like a weed ordinance. I can't grow my weeds eight feet high. I presume that there's an ordinance. Thank you for raising that. I used that as an example in my brief. We actually plead guilty to a weed ordinance violation. And the weed ordinance, before all this came to be, the reason I plead guilty to it is it charged us with a violation of a specific ordinance. And it said our weeds were X inches high. But if you don't, that ordinance is really specific. You go to that ordinance, and it says you can't have weeds over X inches high. Now, I didn't say, I don't suggest that they had to prove our weeds were X inches above the limit of X inches. Well, according to your argument, they would. No, the difference is. They would have gone out and measured them. No, the difference is, when they cite the weed ordinance, that's all I need to know. I go to it. I see it in the story. When they cite the code without telling me where to go for anything, I think that's a violation of due process and Rule 572. Well, under your argument, though, with the weeds, they still would have had to come in with a tape measure and show how tall your weeds were in order to get the violation. Had you not pled guilty. Had I not pled guilty. Yeah, that's true. Well, my point was not the size of the height of the weeds, but my point was, when you live in a city and you own property, you're presumed to know the ordinances. Now, how they charge the violation is a different issue. But there is a certain presumption that people know the law. It is, but, Your Honor. I understand your decision. As we sit here today, we don't know. All the implications in the code for the charge that should have been made, I don't know what it says. Okay, you'll have some more rebuttal time.  Thank you, sir. Ms. Burford, is that correct? Yes, Your Honor. I'm sure you have a lot to say about that. I do. May it please the court, counsel. My name is Ellen Burford. I represent the City of Granite City. I'm going to focus in on some of the items that counsel brought up just now and address some of the questions by the court. On April 18, 2017, there was a hearing. Prior to that bench trial by the trial court, defense counsel entered his appearance again in this matter and answered the complaint in a plea of not guilty. After that, the court engaged into the bench trial and testimony was presented by the city. The city called the Building and Zoning Administrator, Steve Willerette, to testify. As far as the sufficiency of the evidence that Mr. Armstrong is raising today, Mr. Willerette testified not only to the photographic evidence, which was obtained at the time of the violations, but he testified to his own personal knowledge and what he saw as he entered into the relax-in in the motel on Majoring House in Granite City, Illinois. He testified to the deplorable conditions, some of the mold, and what he personally observed. Everything you've said so far is really not in dispute, is it? No, it is not. I simply want to say when Mr. Armstrong states that there was no evidence to support these allegations, I just want to make clear there was evidence. There was photographic evidence and testimony. But he says, what are they supporting? He doesn't know. And so in response to that, I will say, first, Mr. Armstrong did in fact waive that argument. The time for that, when he entered his answer to the complaints. Prior to that, he should have filed a 2-615 motion seeking that the complaint be dismissed. And at that time, the state would have sought an opportunity to amend, to correct these deficiencies. Mr. Armstrong didn't do that. The first of these charges was issued in June of 2014. Almost three years later, on April 18, 2017, Mr. Armstrong answered the complaint. In all of that time, he could have filed the proper motion to allege that the pleadings were defective, and he failed to do so. The burden is not on him. I mean, his client. The city brought the charges, so the burden is on the city. I mean, why can't he just lay in wait and take a chance? Yes, Your Honor, and I believe that is exactly what happened. Of course. He's here. The question is, why can't he do that? Well, Your Honor, I would say that he's inaccurate. I would say that we did properly plead the allegations in the complaint. So of the 69 ordinance violations, 11 of the electrical ordinance violations, they cite to the electrical code, and then they cite to the penalty provision in the Granite City Municipal Code. However, especially with the building and zoning or the property maintenance ordinances, specifically the complaints state that the violations that are described within the complaint are in violation of the Granite City Municipal Code 15.14.010. Do all of them do that? I believe all of the property maintenance codes do. All the property maintenance. I will say that of the 11 electrical codes, those cite the 15.24.050, which does state the penalties for violating these ordinances. Does it say what it did? Yes. Where do you want it? So if I was just picking one, on June 4, 2014, said defendant did knowingly fail to maintain the structure and property located at 1100 Newton House Room No. 123, Granite City, Madison County, Illinois, in compliance with the requirements of this code, and that the hall light covering is missing, the ceiling has signs of a water leak, the bathtub needs to be sealed, and the bathroom walls need repair. That's not all electrical code. Oh, no, I apologize. I thought I just picked one. Give me one. I can give you one of the electrical codes as well. Let me just go back. I'm just talking about the ground fault wire. No ground fault or whatever. Is that what a GFI? That's what they're talking about. Ground fault interruption. So I'm not seeing the one that counsel is looking at, but if I just picked one, this would be June 4, 2014, said defendant knowingly failed to maintain the structure and property located at 1100 Newton House Utility Room, Granite City, Madison County, Illinois, in compliance with the requirements of this code, and that the electrical panels, square D, S, N, F, D, other had open spaces in the panel cover that requires blanks. And that's just one example where they specifically showed the defendant where the violation was in their building and what was done, what should be done. Apparently there's no cover to the electrical panel. I was trying to get to the ground fault, but that's okay. And I apologize. Looking for one. I apologize. I'm having trouble finding exactly the ground fault. Okay. But it does say that in violation of that room and that ground fault. Yes. So is municipal code section 15.24.050 the electrical code, or is that a penalty provision? That's a penalty provision. So this one on June 4, for example, that has the electrical panel that I'm looking at, it says you're violating the electrical code, and then you say what you did, and then in violation of, and then you put the penalty provision, right? 15.24.050. Yes. That's, I'm looking at June 4, 2014. It's supplemental C7, if you have it. I don't believe I have the supplemental. It was C7? Yeah. I am now there with you. Yes, Your Honor. So you might want to tell Justice Welch if he still has a question about the penalty. I apologize. Yes, if there, now that I am on there, if there is a question that I can answer about that specific provision. It says, it cites the section in the electrical code that says you have to have a ground fault properly. It doesn't cite any section in the electrical code, does it? No. It just says it's in violation of this code. Yes. How big is that code? It is quite voluminous code. I know both look like two and a half inches thick. Yes, it is a voluminous code. Okay. So then you're saying that they have to go to the ground fault section of the code to find it, even if they, you know, it's someplace in there. Yes, that is the city's provision. The city ordinance that has, the city ordinance that adopts the national electrical code is 15.24.010. Okay, now we've got the code. Yes, and so that brings you to the national electric code. And then you're saying they violated the penalty provision. That, I thought that. I think that it would have been on the, where those were improperly, where those listed the penalty provision. I believe the defendant was certainly on notice, and he knew what he was being charged with. However, it would have been more proper if that had stated the, if that had stated 15.24.010, which adopts the national electric code, despite that it cites the penalty versus the adoption of the electrical code. I believe that there was no confusion on part of the defendant, especially with the descriptive paragraph that was provided there, that he knew exactly what he was being cited for and what the violations were. And I think that that is shown by the defendant's testimony under cross-examination, when he was questioned by counsel for the city as to whether or not he was aware of the situation, of some of the situations for which he was charged. And he responded that he, I believe he responded that yes, he was aware that he was supposed to take care of it. Now, are you talking about the defendant, or are you talking about the reappointed? Yes, the defendant. Attorney Cook, prior counsel for the city, stated when she was cross-examining Mr. Patel about the property maintenance issues, she questioned him, how about black mold, or mold around the bathtubs? And his response was, we supposed to take care of that. She goes on to electrical issues, and she questions him, where there's no light bulbs, where there's sockets that don't have covers on them. He then says, we supposed to take care of that. Acknowledging that he knew this was something that was supposed to be taken care of for safety purposes, and that lack of doing that was a violation. And that's on cross-examination of the defense case. Yes. You know, one of the things that has not been, at least in my mind, fully discussed is the rules on pleadings. It seems to me that 735 ILCS 5-2-601, which talks about the substance of the pleadings, and then 603, the form, it just says, all pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply. So we're not a notice pleading state. We're kind of in between the fact pleading and the notice pleading. But Mr. Armstrong says he hasn't waived his argument in that regard. So let me ask you this. At any point during the trial, did Mr. Armstrong object to the sufficiency of the pleading until the motion for directed verdict? No, Your Honor. Mr. Willerette testified to the allegations within the complaints, and there was no objection at that time by Mr. Armstrong. To my recollection and knowledge, no. The very first time that this was addressed was in his motion for a directed verdict at the close of the city's case. But a motion for a directed verdict really talks about the sufficiency of the evidence. Yes, Your Honor. So 2-612 of the civil practice code says, all defects in pleadings either in form or substance not objected to in the trial court are waived. Can you tell me where there is an objection to the form or substance? Any objection like in the motion for directed verdict? Did it claim there was an objection to the form or substance of the pleading? In the directed verdict, I believe, yes. That was the first time? Yes. Okay. There were no other pleadings prior to that other than his appearance and his denial in our complaints. And then we moved into the bench trial, and at the close of that, yes. The motion for a directed verdict is the first time that that is raised. I did want to address briefly Mr. Armstrong's argument as far as due process. The very first time that his argument for due process under the United States Constitution was raised was in this appeal. So he's arguing he had in this motion for a directed verdict, he did argue the sufficiency of the complaint. But in this appeal is the very first time he's brought forth the arguments for violating the defendant's constitutional right to due process. Two points on that. The first is the city's position is absolutely that his due process rights were honored and protected. He was on notice with the complaints that were placed before him, both with the property maintenance, with the municipal code section, which adopted the VOCA, and then also that he was on notice for the electrical code, knowing that the National Electric Code had been adopted and the paragraphs that describe exactly what those violations are. But the other part of that argument is that he has also waived any due process arguments and waiting to address that for the first time on appeal. The law is clear on that, that that must be objected to at the time of trial and brought before the court prior to the appeal. Did the motion for a directed verdict just generally state that the pleadings were insufficient as a matter of law, or did the motion go through each and every complaint and say with regard to each and every complaint what was wrong with that complaint? It was similar to the appellant's brief. It did not go through each and every complaint. Instead, it would maybe categorize a group of complaints and then provide an example, but it did not go through each and every complaint saying it was insufficient. Counsel's primary argument has been that lack of that specific citation to the National Electric Code or the VOCA code was fatal to the city's citations, and that it was a general, although there were some specifics provided. I'm a little bit out of order, but I did want to address a couple other things unless there were other questions that I could answer. We are asking that the standard, we're asserting that the standard of review, that it's appropriate in this matter, is whether or not the trial court's determination was against the manifest weight of the evidence. That position is based upon 735 ILCS 5-2-1110, which provides that in ruling on a motion, the court shall weigh the evidence, consider the credibility of the witnesses, and weight and quality of the evidence. There's a two-part standard that's provided by Barnes v. Michalowski, and the first part of that test is that the court needs to determine whether or not the city has established a prima facie case. Once the city establishes that, it has been the determination of the trial court, the job of the trial court to weigh the evidence and decide if it meets the applicable standard. In this case, the applicable standard is by a preponderance of the evidence. This is a question of fact, and as the trial of fact, the court is in the best position to listen to the testimony of Mr. Willerette, to look at the photographic evidence to determine the demeanor of the witnesses and the weight that should be given to both the defendant's testimony and to the witnesses put on by the city. Do you believe that the defendant's responses to the questions that you just read for Justice Welch, where he said, I know I have to take care of that, like with regard to the lights or the mold, you believe that that was sufficient to show that he had knowledge that he had violated the code? His answers, in other words, that he acknowledged, yeah, I need to fix that, you think that was sufficient evidence to show he knew that he was in violation of the code? Yes, if I'm understanding your question correctly, that he understood that yes, he did violate the code. I'm understanding his statement to say we, meaning the defendants, were supposed to take care of that. It's my interpretation of that testimony that he understood that it was a violation and that he needed to fix that in order to come into compliance with the code. No, I don't know that that limited testimony, if this is part of the court's question, I don't know if that specific testimony shows what he knew prior to the violation. I think that that might be further in some of the other testimony. We'd need to pull that out. Okay, but generally, and maybe I limited you too narrowly, but generally you think if the court reads the record that there's sufficient evidence from the testimony of the defendant himself that he knew that there was a code and that he had violated it? I do. I believe that he, I believe his testimony there, and then he further testified that he fixed the problems. I do. I believe that there is sufficient testimony. And then you would say that the standard of review is met as way to the evidence of the trial court. Yes, Your Honor. I believe that so much of this comes down to the credibility, the credibility of the witnesses, but as to some of the questions that you've asked me, also the understanding and the demeanor of the witnesses and whether or not Mr. Patel, the trial court was there to view whether or not with his answers that are written on paper, is a little bit different than the trial court sitting there and listening to how Mr. Patel answered those questions. Okay, thank you very much. Mr. Armstrong? Thank you. I have a question for you right off the bat. Sure. I'm looking again at the code of civil procedure, and it does indicate vaguely that motions with regard to the sufficiency of pleadings can be, or the insufficiency of pleadings must be raised by motion. But it seems to indicate that it could be a motion to dismiss or for judgment in paragraph 615B. However, the motion must explain the specific defects that are at issue. And that's why I asked the city if your motion for directed verdict dealt with each complaint saying, here's the problem, here's the problem, here's the problem. Because it seems to me that if you did not do that under the Act, that you have waived that with your answer. Now tell me why I'm wrong. If I'm speaking so bluntly, I will say this. Sure. None of the complaints charge a provision of either code to have been violated. And did you file a motion that said that as to each complaint? Not as to each, but it said specifically none of the 69 complaints charge a violation of any VOCA or NEC provision. However, if you read all these provisions together, and looking at 603, it says pleadings shall be literally construed with a view to doing substantial justice between the parties. When you look at 612 and you look at 615, those are, I think, to be viewed with an eye towards allowing pleadings to be corrected if you don't understand them, if there's a defect that can be rectified. The whole purpose is that people know what they're dealing with. And from what I'm hearing from you, you said you didn't want to teach them. Well, but the idea is that we're all here to do substantial justice. And when you say that all of these violations were corrected, that presumes that you know there were violations. No. My client, speaking in broken English, said, I supposed to do that. He would say that to anything the city wanted repaired. Well, let's not talk about his command of the e-mail address. But he would say that to anything the city wanted repaired. These were really egregious things. And I don't think it would be difficult for anybody to be able to kind of match up where in the code those were to fit in if you wanted to. If the judgments are affirmed against my wishes, I think it might be the first time in the history of Illinois that fines have been imposed for something we don't know was violated. Well, unless you don't know. What has not been made known to me by now? Well, you know what? As Justice Chapman said, when you look at the Code of Civil Procedure in these first few, say, 601 to 615, I think the purpose of the code may be so that you can't sit and lay and wait. You have to file a motion under 615. You have to file a motion. You have to raise the issue by motion. And you have to point out specifically the defect complaint. I'm having a difficult time here. And, Mr. Armstrong, one more thought. If you were truly correct, the city of Granite City could amend its complaint even after judgment. Even after to conform. Okay. Well, not in this case. Tanya Cook asked to amend the pleadings before the judgment was entered. She didn't get a ruling on it. She didn't do it. It's been waived. So, wait a minute. She asked to amend and the court didn't rule. I sent my reply to her. But the court didn't rule. No. And if they are amended, and she didn't appeal that, by the way, which is waived. As is your argument on due process? Due process. I mentioned due process before the judgment was entered. I know. But that was not argued before the trial court? Yes, it was. Yes, it was. And page 7 and 8 of my reply brief states specifically where I argued due process. Okay. I'll look at that. And that's before the judgment was entered. Absolutely. Thank you. Well, it's been a pleasure. Thank you. Interesting. Thank you. Thank you so much. Okay. Thank you, counsel, for your arguments. This matter will be taken under advisement. We'll issue an order in due course.